IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES F. PRINGLE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00809-JD |
| | ) | |
| LAWRENCE RACCONI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff's Response to the Court's Order to Show Cause ("Response") [Doc. No. 42]. As discussed below, the Court extends the deadline for Plaintiff to serve the following Defendants, (1) Lawrence Racconi, (2) Kimberly Racconi, (3) ND EX West, LLC, (4) Glen H. Wechsler, (5) Adam LNU, (6) Fidelity National Law Group, (7) Robert Biegler, and (8) Does 1 through 100 ("Defendants"), to thirty (30) days from today.

Plaintiff failed to properly serve Defendants Lawrence Racconi, Kimberly Racconi, ND EX West, LLC, Glen H. Wechsler, Adam LNU, Fidelity National Law Group, Robert Biegler, and Does 1 through 100 within ninety days of filing his complaint as required by Federal Rule of Civil Procedure 4(m), and the Court ordered Plaintiff to show cause why he had not timely served these Defendants. [Doc. No. 38]. Plaintiff timely responded [Doc. No. 42].

**DISCUSSION**

District courts in the Tenth Circuit "employ a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (unpublished). First, if the plaintiff shows good cause for the failure to timely serve a defendant, the Court must extend the deadline for an "appropriate period." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m)).

Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id*. In making this determination, the Court should consider several factors, including whether "the applicable statute of limitations would bar the refiled action"; whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 & n.8 (citation and internal quotation marks omitted).

Without opining on whether the response shows good cause for a mandatory extension, *cf. Espinoza*, 52 F.3d at 841 (citing cases where no good cause shown), the Court finds that this case fits the criteria for a permissive extension. *See id.* at 842; *see also* [Doc. Nos. 42 and 42-1].[1] Accordingly, the Court finds that a permissive extension of thirty (30) days from today is appropriate.

---

[1] While Plaintiff states he does not require service on Glen H. Wechsler, Adam LNU, and Robert Biegler, *see* [Doc. No. 42 at 1], the Court will extend the deadline for all remaining Defendants.

IT IS THEREFORE ORDERED that Plaintiff's deadline to serve Defendants Lawrence Racconi, Kimberly Racconi, ND EX West, LLC, Glen H. Wechsler, Adam LNU, Fidelity National Law Group, Robert Biegler, and Does 1 through 100 is **EXTENDED** to **thirty (30) days** from the entry of this Order. By **March 21, 2024**, Plaintiff must file a written proof of service or executed waiver of service in conformance with the Federal Rules of Civil Procedure. Plaintiff must follow the Federal Rules of Civil Procedure (including Rules 4 and 5) regarding service requirements. Failure to comply with this Order and with the Federal Rules of Civil Procedure may result in the complaint being dismissed without prejudice as to these Defendants, without further show-cause orders from the Court.

IT IS SO ORDERED this 20th day of February 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE